United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **DAVID GUEVARA CALZADA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01110** |
| | § | |
| **FACILITY ADMINISTRATOR/ WARDEN,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner David Guevara Calzada's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on June 15, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States nearly five years. (*See* Dkt. 2 at 1; Dkt. 15 at 1.) Petitioner most recently entered the United States on or about August 5, 2021, and was paroled from custody into the United States. (*Id.*) On August 17, 2022, Petitioner was served with a Notice to Appear and placed into removal proceedings. (Dkt. 15 at 1.) Years later, in February of 2026, Petitioner was reapprehended by immigration authorities and taken into custody. (Dkt. 2 at 1; Dkt. 15 at 1–2.) Thereafter, Petitioner was ordered removed by an Immigration Judge and filed a timely appeal of the removal order which remains pending. (*Id.*) Petitioner argues he is being unlawfully detained subject to mandatory detention in violation of his Fifth Amendment rights. (Dkt. 1 at 6–

7.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 7.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. §1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava-Rodriguez v. Ortega*, No. 26-50183, Dkt. No. 174-1 at 3 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026, ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.

The Court ordered Respondents to respond to Petitioner's petition on or before June 23, 2026. (Dkt. 8.) Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, (Dkt. 11), and Petitioner filed a reply to Respondents' response (Dkt. 14.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla*

*Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case,[1] the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2

[1] The Court recognizes that Petitioner previously entered the United States in 2001 and was granted voluntary departure in 2018, but because he did not depart, his voluntary departure converted into a removal order that was executed in 2020. (Dkt. 15 at 1.) However, Petitioner was not placed into reinstatement of removal when he most recently entered the United States in 2021 and was instead paroled from custody into the United States. Therefore, the Court finds that Petitioner accrued a liberty interest while he was allowed to live lawfully in the United States pursuant to his parole.

(D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 11), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention and provide Petitioner with a printed copy of this Order.

4. If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this July 13, 2026.

Diana Saldaña
United States District Judge